IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CREDICO | ) CIVIL ACTION NO: TBA |
| v. | )      BIVENS CLAIM |
| S.I.S OFFC. LYONS | ) |
| (official / individual capacity); | )      FTCA CLAIM |
| | ) FOR THE FOLLOWING: |
| UNKNOWN JOHN/JANE DOE S.I.S OFFC. | ) 1) HORNE TAKINGS |
| (official / individual capacity); | ) 2) FIRST AMENDMENT |
| | ) (censorship & retaliation |
| & | )      association) |
| UNKNOWN BOP I.T. OFFC. | ) 3) DUE PROCESS |
| (official / individual capacity); | ) (procedural & substantive) |
| UNKNOWN JOHN/JANE DOE FBI AGENTS | ) |
| (official / individual capacity); | ) |
| S.I.S OFFC. WHITE | ) |
| (official / individual capacity); | ) |

FILED
WILLIAMSPORT
JUN 26 2019
PER ___NK___
DEPUTY CLERK

## INTRO

Plaintiff Justin Credico brings forth these Bivens claims alleging violations of property rights pursuant to Horne Takings claim; First Amendment censorship, association and retaliation claims; Due Process procedural and substantive claims. Credico also brings forth state law claims under FTCA (a separate stay motion will be filed after docketing of this claim, for exhaustion of remedies purposes. Credico reserves the right to amend state law claims if necessary

1

## JURISDICTION

This Court's jurisdiction is pursuant to federal question jurisdiction 28 USC 1331, and any state law claims fall under 28 USC 1367. FTCA claims will fall under 28 USC 1346.

## PARTIES

The plaintiff was at all times throughout this claim an inmate of Allenwood BOP

Defendants unknown SIS, S.I.S. White, unknonwn I.T. officer, and Lyons were at all times federal officials taked with working for the DOJ and BOP: Lyons and the unknown SIS Officer were at all times liaisons to the DOJ & FBI tasked with handling investigations that transpire within BOP property. Defendant I.T. officer was tasked with handling cyber activities for the BOP Allenwood facility. Defendant White was at all times tasked with working for BOP S.I.S along with Lyons and the other unknown S.I.S scumbag

Defendant FBI unknowns were at all times, assumingly working for the DOJ Middle District Federal territories (if not then the scumbags' employement location will be found via discovery. They were tasked with federal investigations of Credico over this incident

## FACTS

1. On January 30th 2018, Credico was placed into SHU for 4 months over allegations that he had hacked the Allenwood network. Its noted that all the codes and computer documents that are in this case, had all been emailed outgoing and handwritten while Credico was at FDC Philadelphia. Credico never received any hacking or virology information incoming from anyone

2. Credico was interrogated by SIS Lyons and was placed in ths SHU on that day

3. Credico was later interrogated by an unknown S.I.S. officer and

2

officer White of S.I.S. Here, both defendants alleged that Credico also hacked the network and he was charged accordingly under BOP policy. Both of these officers asked about a computer forum of coders, called Rohitab. Here these officers told Credico that he was not allowed to contact Rohitab because they are groups of hackers. This was never proved and is unfounded. Moreover, Credico was told that his BOP contact email information contained Chinese and Russian Embassies and that they would be used against him.

    4. According to other documents surrounding this matter, Credico was told by S.I.S., that their IT official (unknown defendant IT officer,) had analyzed several source code documents found in Credico's cell and determined them to be viruses that Credico had written on the BOP systems. Credico was also accused of having handwritten source code (that was found on his person the time of arrest and palcement in SHU,) determined by this so-called expert as being viruses - it wasnt.

    5. Moreso, Credico had three books in his cell which he had been allowed to a) bring in, and b) be sent in. The first book, PLC programming was confiscated as potentially affecting the security and orderly running of the prison (crock of simmering BS.) This PLC book was allowed in by FDC Phila. and Credico was allowed to have it transferred in by FDC Phila. to Allenwood upon receipt of his prison property transfer. The second book, C# Head First Series is a beginner book on writing C# programs (it contains no hacking nor viruses AT ALL!) Its noted none of Credico's books contained any external media (i.e., cd dvd usb.) The third book was a book he himself was writing on cyber security on behalf of his mother before she had passed away while he was in prison. This book was alos confiscated and never returned

    6. While in SHU and under investigation, despite not being told that the case was sent to outside AUSA DOJ (the BOP notifies SHU prisoners whether they are under outside investigation,) the FBI was brought it. Its noted that the ONLY WAY Credico found out these dirty lil scumbag feds were even a part of this investigation was because an unknown SHU officer told Credico that he was being investigated by FBI and that FBI had come

in to review Credico's property (codes.)

7. This would have been no issue, except that the FBI scum never told Credico that they had his property nor did Credico ever get a notice from the scum FBI, that FBI had his property. The only way Credico found that out, was when he asked an SIS officail where his computer codes were so that he could have them mailed home (BOP offers this option as discussed later within the due process claims.) When inquiring, Credico was told FBI has the codes.

8. Neither the books nor codes have been returned to date

9. Credico was intially found guilty of the BOP policies. Losing 154 days good time. On appeal, after the BOP dragged their ass and waited an entire year for a re-hearing that Credico had earned via a BOP appeal alleging procedural and evidentiary issues, the rehearing concluded that one charge was unfounded and the other warranted only 20 something days loss good time

10. Credico exhausted his remedies fully (see section on exhaustion.)

11. What Credico did on these Allenwood education center computers was use a word processor Resume' Maker program (an approved program for Credico's account,) and started typing a Resume' under the programs IT option (the program comes with easy to click templates that allow a quick template draft to be inserted into the Resume Maker word processor form window.) Now as an extra section Credico started adding various source code in C# programming language format (its noted that this requires a compiler to conver the source to binary executable.) The fact of the matter is your government's setup of Credico computer account gave him permissible ACL/DACL access to everything that he used, no privilege escalation no hacking no malware was ever used against these systems. (Its noted that if they dont understand ACL/DACL rights, then oh well, im not teaching you sh*t in this complaint, its not my job to do so.)

12. Its also noted that the prisoner have ability to access two different types of system access in the BOP. One is the email system TRULINCS

which inmates use to send emails to their friends and families. The other, is the education system network which allows inmates to play typing games, word processor Resume Maker, and this gives them user access rights to the Windows desktop (whereas TRULINCS system contains the inamtes within a captive portal preventing any access to the Windows desktop.)

13. Its noted as well, that Credico did have some handwritten viruses in his possession. Again these were written well before his arrival at Allenwood, and were written in 32 bit and 64 assembly format: a) this format requires a 3rd party compiler (which the BOP nor Credico had,) in other words there was no way in hell Credico was compiling any assembly language coded material at Allenwood BOP.

FIRST AMENDMENT CLAIM OF RETALIATION

14. Credico alleges that the S.I.S defendants and I.T. officer retaliated against him over constitutionally protected speech. Said speech being the codes that he had written

15. This was constitutionally protected speech activity since Credico has a right to write whatever source code on paper he so deems necessary and unless they could prove it was done on their systems, they cant prove sh*t

16. In fact Credico was faced with a series of allegations of unleashing viruses into their system, and hacking with scripts to gain unmonitored access. When in all actuality, these stupid morons failed to understand that EVERY SINGLE PROGRAM that was on that desktop system used by Credico was permitted per his ACL/DACL settings. These settings are setup by the IT officer for all generic user accounts to their system. such accusation deter a person of ordinary firmness per the retaliation standards

17. The moving force behind these allegations and palcement into the SHU, was all over these books and source codes

FIRST AMENDMENT ASSOCIATION CLAIMS

18. First associational claim is that Credico was ordered not to have contact with Rohitab. It was alleged that Rohitab was a hacker and that he was

forbidden to speak to the forum members because of that

19. Second claim under association, is that Credico's contact information to Chinese and Russian embassies were also used against him in order to bolster defendants' claim that Credico was engaged in some kind of nefarious hacking scheme against the BOP

20. Being prohibited to SPEAK to an Embassy by its various nature is first amendment speech associational violation. Secondly, for Rohitab members. All over the fact that these defendants' stupidly accused Credico of being in contact with them in order to come up with some hacking scheme to gain access into some BOP computers

## FIRST AMENDMENT CENSORSHIP

22. The first claim of censorship comes by way of not permitting Credico to posess and read the PLC programming book

23. The second claim of censorship comes by way of not permitting Credico to posess and read the C# Head First Series Programming Book

24. The third claim of censorship was that Credico was not permitted to posess and write his own cyber security book on behalf of his mother

25. All of these censorship claims come against all S.I.S defendants and I.T. officer. Lyons approved and gave final orders to not allow Credico to have these books. White conjoined with Lyons in this review as well. The I.T. officer gave assistance in determining erroneously that these books contained hacking and virus information when this I.T. unknown is an expert in neither cyber security field. Its noted to date, their is no certification for cyber security virology offered to anyone at this time in any school.

## DUE PROCESS VIOLATION (PROCEDURAL)

26. Procedural claim one comes by way of failing to obtain an expert in cyber security related fields before ALL S.I.S and IT defendants came to a conclusion, that Credico had hacked and exploited the Allenwood computer

systems. Absolutely no evidence proves such accusations. S.I.S. Lyons made this determination without he himself being an expert in such fields, or having an expert in such fields give him information showing Credico hacked in any way. White and Unknown S.I.S., also did not obtain any expert before adding their own accusations against Credico wherein he was alleged to have hacked. White and this Unknown S.I.S. clearly in their own reports alleged Credico to have written a virus on the system and exploited it to gain access to programs he originally was not entitled to. The I.T. defendant also alleged Credico to have a hand written virus source code in his actual possession at the time of being arrested and placed into SHU. Also, this I.T. defendant stated that these asm codes were written on the system, viruses were written on the system, and that Credico had exploited his way in order to do so

27. Claim two comes by way of S.I.S. White and the Unknown S.I.S. failing to allow Credico to have his books sent home. Its noted that BOP policy (which Credico is not showing this Court, its a public policy the clerks can go fetch it if the court doesnt believe one exists) permits any confiscated books to be mailed back to the inmate's residence. Here, Credico was given a form to sign, this form contains two sections. The top is the reason for confiscation, the second the return of property delivery section. Credico had his hand cuffed behind his back, which made the entire process almost impossible to handle. But he did somehow sign the top section. After which the defendants took the form and explained to Credico the next step would be a DHO hearing. When Credico asked to sign the bottom return of property delivery section, defendants told him the process is that a copy of the form would be made and he would have the option of signing to delivery of his property (books) later. Two days before he was to be transferred to Berlin BOP, Credico spoke to another S.I.S. offc. (not a defendant herein,) about return of property. This officer did not have the form and explained that he would need to obtain it from White and Lyons. Credico the day before transfer, wrote a declaratory statement permitting BOP to transfer the books in his absence (inmates have to sign the bottom section which Credico obviously cant do if he was being sent next morning to Berlin) if he is unable to sign the bottom section. Its unknown what happened to the

Declaratory Statement.

28. Claim three arises against the unknown FBI defendant maggots. Credico was told by an unknown BOP officer in the SHU that the FBI had his source codes. However, these FBI never gave Credico any formal notice or any notice at all, that they had confiscated such materials.

> Side Note: Bla bla bla Hudson v. Palmer state court remedies providing appropriate means for Credico to get his stuff back. Because, Credico filed a state court claim which was not adjudicated on the merits, the State Court chose to abstain from taking jurisdiction over the property claims. Therefore, Credico has permission to proceed in Federal Court since he exhausted available state court property remedies and the state court refused to handle them. Notwithstanding, the Horne takings claims brought herein.

## DUE PROCESS CLAIMS (SUBSTANTIVE)

29. Substantive due process claim one is over the facts discussed supra at n.26 and n.27. Here, S.I.S. Lyons, White, Unknown S.I.S. and I.T. Unknown defendants failed to ascretain an expert in the fields of cyber security and virology before making accusations of such a serious nature without cause. Landing Credico in f***ng SHU solitary confinement for almost half a year.

30. Claim two stems from FBI unknowns taking property belonging to Credico without reimbursement or notice. Had proper notice been given under procedural CFR or law allowing credico to fill out return of property forms by the FBI, then procedural injury wold arise. However, somewhere down the road this procedural process failed because of defendants actions. Credico suffers substantive injury when such procedural process is not even started to begin with, i.e. formal notice. This amounts from the failure to implement proper FBI return of property notices and confiscation sheets. If procedural process is not started nor followed when it should be, substantive process claims are the only remaining due process course of action

axiomatically.

## FIFTH AMENDMENT HORNE TAKINGS CLAIM

31. Pursuant to Supreme Court precedent in Horne v. department of Agriculture (569 US 513), the takings clause arises out of Fifth Amendment takings of property which would apply to the federal level. Horne applies here over the fact that unknown FBI confiscated Credico's source codes, inter alia. Its unknown as to what extent this confiscation was able to obtain. No records of what was seized has been given to Credico. All he knows is that FBI unknowns came to BOP Allenwood, assisted the BOP in this investigation, and took his papers, source codes, and whatever else computer related.

## EXHAUSTION OF AVAILABLE REMEDIES

32. Exhuastion is an affirmative defense raised by defendants. However, sua sponte reasons command Credico to show that he fully utilized all avenues of exhuastion, even on the state level. First, he filed his BP9, 10, 11. A copy of the BP11 has been included as evidence he exhausted fully. Secondly, he tried initiaiting a beginning complaint over these issue with the local state common pleas court. The court chose to abstain jurisdiction, stating to the point, Credico being in federal prison against federal officials, show raise federal court jurisdiction. Credico was going to raise Hudons Palmer adequate post state court deprivation remedies claims at the common pleas level, but he no opportunity due to stte court abstention. He waives no rights to reinitiate an england Reservation of the federal level commands the state level to hear any proprty state torts

## CLAIMS FOR RELIEF

33. The actions of the SIS defendants and IT unknown officer violated Credico's due process. They (all SIS defendants) accused Credico of inserting malware into the system and exploiting the system. He did not. They chose not to take credence to cyber secuirty experts and instead just went around falsely accusing Credico as committing crimes.

34. They (all SIS defendants) failed to allow him to retrieve his books

35. They (all SIS defendants) then further went on to tell him he could no longer contact Rohitab, and stated that his Embassy contact information to Russia and China were supportive grounds for their accusations. This is associational free speech violation

36. FBI unknown officers confiscated Credico property without notice. They also confiscated it contrary to taking clause under the fifith amendment as expanded by Horne.

RELIEF REQUESTED

WHEREFORE, CREDICO seeks the following relief:

1. Monetary damages redress of $250,000